UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Semaj Williams,

                Plaintiff,    Case No. 24-cv-11826

v.                             Judith E. Levy
                                 United States District Judge

Michigan Department of
Corrections, et al.,         Mag. Judge Elizabeth A. Stafford

                Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES [6] AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

This matter is before the Court on Semaj Williams' *pro se* complaint filed under 42 U.S.C. § 1983. Williams is presently incarcerated at the United States Penitentiary Lee in Jonesville, Virginia. He filed this action in the United States District Court for the Western District of Virginia. (ECF No. 1.) The case was transferred to the District Court for the Eastern District of Michigan because the events giving rise to the action occurred at the Thumb Correctional Facility in Lapeer, Michigan, and "there is no indication that Williams's claims have any connection to

the Western District of Virginia." (*See* ECF No. 2.)

For the reasons set forth below, the Court grants Williams' application for leave to proceed without prepayment of fees and costs (ECF No. 6) and dismisses the complaint without prejudice.

I. **Plaintiff's Application to Proceed *In Forma Pauperis***

When the case was transferred to this Court, it appeared that Williams had neither paid the filing fee nor moved to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2). The Court therefore issued an order requiring Williams to file the appropriate papers to proceed *in forma pauperis* or to pay the required fees and costs. (*See* ECF No. 4.) In response, Williams filed an application to proceed without prepaying fees or costs (ECF No. 6) but did not file a certified copy of his prison trust fund account statement as required by 28 U.S.C. § 1915(a)(2). Williams submitted a letter explaining that he previously filed a statement of trust fund account with his original filing in the Western District of Virginia. (*See* ECF No. 5.) Williams is correct. His trust fund account statement was filed in the Western District of Virginia, but not re-filed in this case upon transfer. (*See* ECF No. 3; *see also Williams v. Mich. Department of Corrections*, No. 23-00767, ECF No. 2 (W.D. Va.) (on file with the Court).)

The Court reviewed the statement filed in the Western District of Virginia (*id.*), and finds that Williams is unable to prepay the filing fee. The Court will grant Williams' application to proceed *in forma pauperis*. Williams is still required to pay the full filing fee but may do so in installments. *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee."). The Court sets forth the periodic payment schedule in section IV of this opinion.

## II. Legal Standard

Williams has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the Court is required on its own to dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The former is found "when 'indisputably meritless' legal theories underlie the

3

complaint"; the latter, "when [the complaint] relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atllantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations,

4

*Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (*quoting Twombly*, 550 U.S. at 555).

### III. Discussion

Williams was incarcerated at the Thumb Correctional Facility in Lapeer, Michigan from 2010 to 2011. While there, he was housed with adult prisoners even though he was under the age of 18. Williams claims that this left him vulnerable to assault by adult prisoners and prison guards and that he was, in fact, assaulted by a tutor.[1]

The Michigan Department of Corrections' ("MDOC") practice of housing juveniles with adult prisoners exposed them to physical injuries and sexual abuse by fellow inmates and prison staff that was the subject of a class action filed in 2013, and litigated in Washtenaw County Circuit Court. *See Doe v. Mich. Dep't of Corr.*, Case No. 13-1196-CZ (Washtenaw

---

[1] Williams does not specify whether the tutor was a fellow inmate or a prison employee, but this distinction is irrelevant to the Court's review of the complaint.

5

Cir. Ct.). The same Plaintiffs filed a proposed class action in federal court raising the same claims as their state-court proceeding. *See Doe v. Mich. Dep't of Corr.,* No. 13-14356 (E.D. Mich.) (Cleland, J.). The parallel federal and state case proceedings continued for seven years. In 2020, the parties reached a settlement in the state-court proceeding which, in addition to equitable relief, provided for payment of $80,000,000.00 by the MDOC to be distributed to class members. *MI AG Nessel and MDOC Director Announce Settlement in Doe Case*, Michigan Department of Attorney General (Feb. 27, 2020), https://perma.cc/7W8C-CUCD. The federal case was subsequently dismissed because the state-court class action had settled and no further involvement of the federal court was necessary given the terms of the settlement agreement. (*See* Case No. 13-14356, ECF No. 231 (E.D. Mich.).)

Williams states he was a class member in the state litigation but was not compensated. (ECF No. 1, PageID.3.) He appears to seek a portion of the settlement funds.

This is not the first time Williams has sought compensation in federal court related to the class-action distribution of funds. Three years after the federal *Doe* case settled, Williams filed a "Motion for Nunc Pro

6

Tunc Order" in the federal case. (Case No. 13-14356, ECF No. 232 (E.D. Mich.).) Williams acknowledged that he was a class member in the state litigation but asserted that he was not properly served with the notice of settlement. (*See id.* at PageID.6160–6161.) He sought a portion of the settlement funds distributed to Plaintiffs in the state-court class action. Williams' motion was denied. (*See id.* at ECF No. 236.)

First, the Court noted that Williams was not a party to the federal action because he was not one of the John Doe plaintiffs and the matter was not certified as a class action in federal court. (*See id.* at PageID.6199–6200.) Second, the Court held that enforcement of the settlement agreement was best left to the state court. (*See id.*)

The same conclusion applies here. The Settlement Agreement contains a section titled "Exclusive Enforcement" which provides that the agreement is governed by Michigan law and reserves "full authority" to the state court "to enforce the terms and conditions of this Settlement Agreement." *See Settlement Agreement*, Michigan Department of Attorney General, 22 (Feb. 27, 2020), https://perma.cc/5NC4-G9U9. The state court, rather than federal court, is the appropriate forum to determine whether Williams received proper notice and/or to assess

7

whether Williams is entitled to compensation. *See Petoskey Inv. Group, LLC v. Bear Creek Twp.*, No. 5:03-CV-14, 2005 WL 1796130, at *8 (W.D. Mich. July 27, 2005) (holding that when a state court retains jurisdiction over a settlement agreement it has approved, "it would not make sense for the state court to retain jurisdiction, yet have [a federal court] determine what the state court meant"); *Galeski v. Washington*, No. 1:24-CV-339, 2024 WL 3022958, at *4 (W.D. Mich. June 17, 2024) ("To the extent Plaintiff is claiming that Defendants breached the settlement agreement, the Court lacks jurisdiction over this claim. As noted above, the settlement agreement was reached as a result of a state court action. This Court was not involved in the settlement agreement.").

"Most essentially, federal and state courts are complementary systems for administering justice. Cooperation and comity, not competition and conflict, are essential to the federal design." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 (1999). The state court that approved and retained jurisdiction over the terms of the Settlement Agreement is the more appropriate forum for Williams' claims. For these reasons the Court will dismiss the complaint without prejudice to Plaintiff's right to pursue his claims in Washtenaw County Circuit Court.

8

## IV. Conclusion

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 6) is GRANTED. The Court ORDERS the agency having custody of Plaintiff to forward to the Clerk of the Court, on a monthly basis if funds are available, twenty percent (20%) of the preceding month's income credited to plaintiff's account. *See id.* The Court will notify the agency having custody of Plaintiff when Plaintiff has paid the entire filing fee of $405.00.

Further, the Court concludes that Plaintiff's claims should be addressed in state court in the first instance. Accordingly, the complaint is DISMISSED WITHOUT PREJUDICE.

The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: January 14, 2025           s/Judith E. Levy  
Ann Arbor, Michigan          JUDITH E. LEVY  
                                           United States District Judge

CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 14, 2025.

              s/William Barkholz
              WILLIAM BARKHOLZ
              Case Manager